[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 6, 2009
THOMAS K. KAHN
CLERK

_____

No. 05-15088
Non-Argument Calendar
_____

D. C. Docket No. 03-81110-CV-DTKH

9:04cv80253

MAUREEN STEVENS, as personal
representative of the Estate
of Robert Stevens, deceased,

                                                      Plaintiff-Appellee,

versus

BATTELLE MEMORIAL INSTITUTE,
a foreign corporation,

                                                      Defendant-Appellant,

BIOPORT CORP., a foreign
corporation, et al.,

                                                      Defendants.

--------------------------------------------------------------------------------

9:03cv81110

MAUREEN STEVENS, as Personal
Representative of the Estate of
Robert Stevens deceased, and on
behalf of Maureen
Stevens, individually, Nicholas
Stevens, Heidi Hogan, and Casey
Stevens, survivors,

versus

UNITED STATES OF AMERICA,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

**(March 6, 2009)**

Before BARKETT and KRAVITCH, Circuit Judges, and TRAGER,[*] District
Judge.

PER CURIAM:

This case arises out of a tort lawsuit that is controlled by Florida law. The

underlying facts are as follows:

> In the fall of 2001, an unknown group or individual mailed letters
> containing *Bacillus Anthracis* ("anthrax") to recipients in Florida,
> New York, and Washington, D.C. One such letter was mailed to
> American Media, Inc. ("American Media") in Boca Raton, Florida
> where Robert Stevens ("Mr. Stevens") worked. Mr. Stevens became
> ill and died after inhaling the anthrax. As a result, two wrongful death
> suits were brought by Maureen Stevens, his wife, individually, as a
> personal representative of the estate of Mr. Stevens, and on behalf of
> their three children (collectively "Stevens"). Stevens sued the United

---

[*] Honorable David G. Trager, United States District Judge for the Eastern District of New
York, sitting by designation.

2

States in federal court and Battelle Memorial Institute ("Battelle"), a private research facility, in state court, alleging that they were the source of the anthrax that killed Mr. Stevens. Battelle removed the state case to federal court and the two suits were consolidated for discovery purposes.

Stevens v. Battelle Mem'l Inst., 488 F.3d 896, 898 (11th Cir. 2007).

The government moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. It argued that it owed no duty of protection to Mr. Stevens, a stranger, and it did not have the duty or ability to control the unidentified third party tortfeasor(s) responsible for intercepting and mailing the anthrax. Battelle reiterated this argument in its motion for judgment on the pleadings under Rule 12(c). The district court issued an order denying both of the defendants' motions, on the ground that Stevens' claim fell under the "foreseeable zone of risk" theory.

The government moved for leave to seek reconsideration, which was denied; the district court, however, granted the government's request for certification of the order denying the motion to dismiss for interlocutory appeal to this court. In turn, we certified the following question to the Florida Supreme Court:

> Under Florida law, does a laboratory that manufactures, grows, tests or handles ultra-hazardous materials owe a duty of reasonable care to members of the general public to avoid an unauthorized interception and dissemination of the materials, and, if not, is a duty created where a reasonable response is not made where there is a history of such dangerous materials going missing or being stolen?

3

Id. at 904.

The Florida Supreme Court, in an opinion dated October 30, 2008, answered the first part of our question in the affirmative. United States v. Stevens, __ So. 2d __, 2008 WL 4736372 (Fla. Oct. 30, 2008). The Florida Supreme Court expressly adopted the reasoning of the district court and held that:

> Stevens' allegations are sufficient to open the courthouse doors. The allegations assert that the government and Battelle have affirmatively chosen to work with an ultrahazardous substance that poses virtually unparalleled risk of injury to the general public if its security is not assured. In coping with the heightened duty that comes with this risk, the government and Battelle are required to contemplate a countless variety of situations in which a reasonable laboratory in their position must anticipate and guard against the unauthorized interception and dissemination of the dangerous substance . . . We hold, therefore, consistent with the analysis set out above, that a laboratory that manufactures, grows, tests or handles ultrahazardous materials does owe a duty of reasonable care to members of the general public to avoid an unauthorized interception and dissemination of the materials.

Id. at *6-7.[1]

Accordingly, we remand this case to the district court for further proceedings consistent with this opinion.

**REMANDED.**

---

[1] Having answered the first part of the certified question in the affirmative, the court found it unnecessary to consider the second portion. Stevens, 2008 WL 4736372 at 1.

4